UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHUKS LLC, d/b/a ) | |
| REAL BROTHER COLLECTION, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:07-cv-1439-LJM-TAB |
| ) | |
| ART ZULU, INC., ) | |
| Defendant. ) | |

### ORDER ON MOTION TO DISMISS

This matter pends on defendant's, Art Zulu, Inc. ("Defendant" or "Art Zulu"), Motion to Dismiss for Lack of Jurisdiction. Plaintiff, Chuks LLC, d/b/a/ Real Brother Collection ("Plaintiff"), argues that this Court has specific jurisdiction in this case because of the Indiana connections with the contract upon which this action is based. Clearly there has been no continuous and systematic contact with Indiana.

Plaintiff does not urge that this Court has general jurisdiction. Therefore, the Court must examine the Defendant's contacts with Indiana with respect to the contract at issue in this case. Defendant does not maintain an Indiana office, has no employees in Indiana, and has no property or bank accounts in Indiana. However, Plaintiff alleges that it finalized an agreement with Defendant over the phone and that, as a result of that agreement, Defendant was made a partner in the Indiana business. Specifically, Plaintiff alleges that it initiated contact with Lora Flaugh, president of Art Zulu. Ms. Flaugh is alleged to have told Plaintiff's representative that she had several clients in Indiana and that she had been in Indiana to meet with these clients. Some contract negotiations took place in New York; other negotiations continued by phone, with Defendant's representative on the

phone from New York. The parties dispute the state in which the contract at issue was formed. Plaintiff submits that the following language on an Art Zulu invoice created an Indiana partnership: "Any and all other terms related to the partnership of the line will be negotiated and finalized separately."

When Defendant sent goods into Indiana, presumably under the contract, Plaintiff paid for them with an Indiana check. Upon receiving the goods, Plaintiff determined that they were faulty and immediately complained by phone to Defendant. Although Defendant promised to send a representative to Indiana to resolve the matter, no representative ever came.

The Court agrees with Defendant that no jurisdiction exists. There are not enough Indiana contacts with the business relationship to support specific jurisdiction. The evidence does not establish that Defendant purposefully availed itself of the privilege of conducting business in Indiana such that it could reasonably anticipate being haled into court here. The only evidence of contact with this state has been the contact with Plaintiff. The most that can be said of the business relationship is that Defendant sent goods to Indiana, having negotiated a deal over the phone. No representative of Art Zulu came to Indiana. It is assumed, for the purposes of this motion, that an Art Zulu representative indicated that someone would come to Indiana to negotiate this very controversy, but it is undisputed that no one came. Some mail and some e-mail passed back and forth but, even so, they were limited in number.

Plaintiff asserts that the agreement was finalized in Indiana. This is an empty assertion given the lack of presence in the state by an Art Zulu negotiator. Plaintiff insists that forming a partnership with an Indiana firm is enough to establish specific jurisdiction. No complete partnership agreement is extant here, however. The language Plaintiff references in the Art Zulu invoice points more to the

necessity for further negotiation for a partnership than it does to the acknowledgment that one existed.

In conclusion, Art Zulu did not have enough purposeful contacts with Indiana to establish jurisdiction in this Court.  Defendant's, Art Zulu, Inc., Motion to Dismiss for Lack of Jurisdiction is **GRANTED**.

IT IS SO ORDERED this 10th day of March, 2008.

                                              LARRY J. McKINNEY, JUDGE
                                              United States District Court
                                              Southern District of Indiana

Distribution to:

Joel Samuel Paul
COLEMAN STEVENSON
jpaul@cgslegal.com

William P. Means
RILEY BENNETT & EGLOFF LLP
wmeans@rbelaw.com